5

**MACDONALD | FERNANDEZ LLP**
RENO F.R. FERNANDEZ III (SBN 251934)
ALEXANDER K. LEE (SBN 293724)
914 Thirteenth Street
Modesto, CA 95354
Telephone: (209) 521-8100
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
4-S RANCH PARTNERS, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In Re: | Case No. 20-10800 |
| 4-S RANCH PARTNERS, LLC, | Chapter 11 |
| Debtor. | STATUS CONFERENCE STATEMENT |
| | Date: January 26, 2021<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>Courtroom 13, Dept. B<br>Fresno, California<br>Judge: Hon. René Lastreto II |

    COMES NOW 4-S RANCH PARTNERS, LLC, Debtor-in-Possession (the "Debtor") herein, submitting this Status Conference Statement, and respectfully represents as follows:

    The within case was commenced by the filing of a chapter 11 petition on March 2, 2020. A trustee has not been appointed, and Debtor is in possession of the estate. Debtor obtained approval of a prior disclosure statement on October 22, 2020. *See* Dckt. No. 314. The hearing on the Plan of Reorganization Dated August 18, 2020 was set for a confirmation hearing on January 26, 2021 at 9:30am. However, on or about December 8, 2020, the Debtor and Sandton Credit Solutions Master Fund IV, LP ("Sandton") entered into a Stipulation Regarding Motions for Relief from Stay (Dckt. No. 344) that vacated an evidentiary hearing set to start on December 10, 2020 with an agreement relating to relief from the automatic stay and corresponding plan treatment. As a result, the Debtor needed to conduct substantive modifications to its proposed Plan that necessitates additional disclosures under 11 U.S.C. Section 1125. Debtor intends to finalize a Third Amended Disclosure

Statement and Third Amended Chapter 11 Plan shortly such that they can be noticed and set for hearing.

1. **Administrative Solvency of the Estate**:
    a. Disbursement of professional fees for Debtor's bankruptcy counsel through a $75,000 retainer was approved as requested in an interim fee application by the Court on December 21, 2020. *See* Dckt. No. 358.
    b. Professional fees for valuation and expert witness services in relation to Sandton Credit Solutions Master Fund IV, LP's ("Sandton") Motion for Relief from the Automatic Stay ("MRS") were approved by the Court and have been paid by Debtor's non-debtor affiliate, Sloan Cattle Company, LLC ("Sloan Cattle"). *See* Dckt. Nos. 150, 205, and 206. Sloan Cattle will continue to pay outstanding invoices for services provided by expert witnesses related to the MRS.
    c. Debtor does not anticipate there to be any Section 503(b)(9) administrative claims to be paid as there were no goods received by the Debtor within 20 days before the date of commencement that have been sold within the ordinary course of business.

2. **Motion for Relief from Stay**: On March 16, 2020, Sandton filed a MRS seeking relief from the automatic stay under 11 U.S.C. § 362(d)(2) as to real property commonly known as County Assessor's Parcel Numbers: 049-200-005; 049-200-020; 049-200-022; 049-200-019; 049-200-023; 049-200-017; 049-200-021; 049-200-024; 049-220-018; 049-200-025; 049-220-019; 049-220-016; 049-220-020; 049-240-017; 065-030-004; 049-220-015; and 049-240-016 (the "4-S Property"). *See* Dckt. No. 21. The Court determined that the matter is a contested matter and set the matter for an evidentiary hearing. On or about December 8, 2020, the Debtor and Sandton signed a Stipulation Regarding Motions for Relief from Stay ("Stipulation") (Dckt. No. 344) to vacate an evidentiary hearing set to start on December 10, 2020 with an agreement relating to relief from the automatic stay and plan treatment. The Stipulation was approved by the Court on December 9, 2020. *See* Dckt. No. 346.

//

//

3. **Motions Under Bankruptcy Code § 365(d)(3) or (4)**: There are no motions under Bankruptcy Code § 365(d)(3) or (4) which are pending or which have already been acted upon.

4. **Status of Stipulations or Motions for Use of Cash Collateral or the Obtaining of Credit**: There are no currently pending stipulations or motions for use of cash collateral or the obtaining of credit.

5. **Proper Employment of Professionals**:

   a. An Application for Authority to Employ Reno F.R. Fernandez III as General Bankruptcy Counsel for Debtor in Possession was filed on March 5, 2020 and subsequently, approved by the Court on March 24, 2020. *See* Dckt. Nos. 9, 35.

   b. An Ex Parte Application for Authority to Employ Matt Wear as a Consultant for Debtor in Possession was filed on May 29, 2020. *See* Dckt. No. 88. Subsequently, Debtor and Mr. Wear stated that they no longer sought employment by the estate and requested a withdrawal of the application. A withdrawal was filed on June 15, 2020. *See* Dckt. No. 107.

   c. An application for authority to employ Lance Dore of The Dore Group as an expert witness was approved on July 17, 2020. *See* Dckt. No. 150.

   d. An application for authority to employ Dwight Smith of the McGinley & Associates, Inc. as a rebuttal expert witness was approved on September 8, 2020. *See* Dckt. No. 205.

   e. An application for authority to employ Joseph D. Hughes of Klein, DeNatle, Goldner, Cooper, Rosenlieb & Kimball, LLP as a rebuttal expert witness was approved on September 8, 2020. *See* Dckt. No. 206.

   f. Approval for hydrogeological consultant work by Dwight Smith of McGinley & Associates, Inc. was previously denied by the Court. *See* Dckt. No. 321. Debtor has reviewed the Court's comments and concerns with Mr. Smith and will seek approval of a revised agreement shortly. Sloan Cattle has agreed to pay for professional fees for the consultant work. The agreement to pay for said services is not conditioned on Sloan Cattle having any control or input as to the services

provided to the Debtor and is without right to reimbursement.

6. **Status of Motions to Convert**: There are currently no pending motions by or against the debtor to convert or dismiss the chapter 11 case, or to appoint a chapter 11 trustee.

7. **Debtor's Intentions Concerning a Reorganization Plan**:

Debtor is committed to pursuing multiple opportunities on concurrent paths to either immediately payoff creditors or repay the secured claim over a reasonable period. Debtor commercially stores surface water underground for later retrieval by a client for a fee and has stored approximately 500,000 acre-feet of non-client water inventory that can be sold to individual clients. Debtor asserts that most of the water stored underground at the 4-S Property for transfer is abandoned flood water diverted to the property through easements as part of California's flood control projects in the region. Transfers of abandoned flood flows and properly appropriated water are not subject to the same restrictions as transfers of native groundwater.

Debtor has signed two water supply contracts and obtained approval from the water acquisition committee of Westlands Water District ("WWD") for an agreement to provide 25,000 acre-feet of water. The WWD agreement is in the final stages of negotiation and approval by the WWD's board of directors. Debtor also continues to negotiate purchase sale agreements and capital investment with interested parties. If the Debtor can secure new capital or new financing to satisfy all allowed claims within one year of the effective date of its Chapter 11 Plan, then the Debtor does not need to sell part or all the 4-S Property. However, pursuant to the Stipulation referenced above, on April 1, 2021, Sandton will be provided relief from the automatic stay and waiver of 14 day stay without further order of the Court if their claim is not paid in full by March 31, 2021. A draft of a Third Amended Disclosure Statement and Third Amended Chapter 11 Plan is currently under review by the Debtor's managing member.

8. **Post-Petition Debtor Duties**:
   a. Debtor's initial monthly operating report and subsequent reports have been filed.
   b. Debtor has obtained and is using a debtor-in-possession bank account with Westamerica Bank.
   c. Quarterly United States Trustee's fees have been paid.

      d. Debtor has provided proof of adequate insurance to the United States Trustee as part of the initial debtor interview process. Debtor is not aware of any unresolved issues from the initial debtor interview or the meeting of creditors.

9. Outside of the current COVID-19 Pandemic, Debtor is not currently aware of any matters that might materially impact the administration of this chapter 11 case.

DATED: January 19, 2021          MACDONALD FERNANDEZ LLP

By: /s/ *Alexander K. Lee*
    ALEXANDER K. LEE,
    Attorneys for Debtor-in-Possession,
    4-S Ranch Partners, LLC