**MACDONALD | FERNANDEZ LLP**
RENO F.R. FERNANDEZ III (SBN 251934)
ALEXANDER K. LEE (SBN 293724)
914 Thirteenth Street
Modesto, CA 95354
Telephone: (209) 521-8100
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
4-S RANCH PARTNERS, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In Re:<br><br>4-S RANCH PARTNERS, LLC,<br><br>          Debtor. | Case No.    20-10800-B-11<br><br>Chapter 11<br><br>DCN:    MF - 14<br><br>PLAN OF REORGANIZATION OF 4-S RANCH PARTNERS, LLC DATED MARCH 10, 2021<br><br>Date:<br>Time:<br>Place:    2500 Tulare Street<br>           Courtroom 13<br>           Fresno, California<br>Judge:    Hon. René Lastreto II |

      This Plan of Reorganization (the "Plan") is proposed by 4-S RANCH PARTNERS, LLC, the Debtor in Possession ("4-S" or the "Debtor in Possession") for the resolutions of all claims against it and its principal asset, which is real property located in Merced, California. It is proposed pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), specifically § 1121 of the Bankruptcy Code. The Plan provides for a restructuring of the debts encumbering the Property (defined below), for treatment or payment of all other claims against the Debtor or its Property, and for the disposition of the Property. The Disclosure Statement accompanying this Plan contains a description of how this Plan treats creditors and equity holders, as well as a discussion of the Debtor in Possession's financial condition and an analysis of the alternatives to this Plan.

      If the Plan is confirmed by order of the Bankruptcy Court presiding over this case, this Plan will bind all creditors and parties in interest that are provided for in this Plan, whether or not they file

a proof of claim, whether or not they accept or reject this Plan and whether or not their claims are allowed or disallowed. The Disclosure Statement is descriptive and explanatory only; the language used in this Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

## ARTICLE I – DEFINITIONS

A. The following definitions apply in this Plan:

1.1. "Allowed Claim" means a Claim against the Debtor (a) proof of which was timely filed with the Bankruptcy Court and as to which no objection has been filed; (b) which was listed in Debtor in Possession's Schedules of Assets and Liabilities filed herein and (i) not shown as disputed, contingent, or unliquidated and (ii) as to which no objection has been filed; or (c) which has been Allowed by a Final Order of the Bankruptcy Court.

1.2. "Allowed Secured Claims" means the Class 1 and Class 2 Claims, to the extent that they are Allowed.

1.3. "Bankruptcy Court" means the Judges of the United States Bankruptcy Court for the Eastern District of California, or of the United States District Court for the Eastern District of California, as the context requires.

1.4. "Case" means Chapter 11 Case No. 20-10800 of 4-S RANCH PARTNERS, LLC.

1.5. "Causes of Action" means any and all claims and causes of action which might be asserted by the Debtor or the Debtor in Possession.

1.6. "Claim" herein shares the same meaning as "claim" under § 101(5) of title 11 of the United States Code.

1.7. "Class 2 Interest Rate" shall mean the contract interest rate or the interest rate permissible under § 506 of the Code.

1.8. "Class 3 Interest Rate" shall mean the federal judgment rate calculated under 28 U.S.C. § 1961 if the Debtor is solvent, but if the Debtor is not solvent, then the interest rate of holders of claims in Class 3 is zero percent.

1.9. "Code" means the Bankruptcy Code, codified in Title 11 of the United States Code, 11 U.S.C. § 101-1532.

1.10. "Confirmation" means the entry of an Order of Confirmation by the Bankruptcy Court.

1.11. "Confirmation Date" means the date on which the Order of Confirmation is entered.

1.12. "Creditor" means any person or entity that has a Claim against Debtor in Possession.

1.13. "Debtor" means 4-S RANCH PARTNERS, LLC in its pre-petition capacity, the pre-petition Debtor.

1.14. "Disallowed Claim" means a Claim that has been (i) deemed not allowable against the assets of the Bankruptcy Estate by an order of a Court of competent jurisdiction or by stipulation of the Claim holder and any party objecting to the Claim, (ii) a Claim that has been voluntarily withdrawn by the Claim holder, or (iii) a Claim which the Debtor in Possession listed on its Schedule of liabilities as a disputed, contingent, or unliquidated claim and for which the claim holder did not file a proof of claim prior to the applicable claims bar date.

1.15. "Disputed Claim" means a claim which falls into one of the following categories: (i) a Claim listed by the Debtor in Possession in its schedule of liabilities or for which a Proof of Claim has been filed as to which an objection has been filed and which objection (a) has not been withdrawn, or (b) has not been determined by a Final Order, or (ii) a Claim listed by the Debtor in Possession in its Schedule of Liabilities as being disputed, contingent, or unliquidated, a Claim for which no Proof of Claim has been filed.

1.16. "Effective Date" means a date selected by the Debtor in Possession which is not later than 30 days after the Confirmation Date.

1.17. "Estate" means the Debtor in Possession or the Reorganized Debtor, as the case may be, in its capacity as the holder of the Property.

1.18. "Liquidity Event" shall have the meaning set forth in Paragraph 2.4.

1.19. "4-S RANCH PARTNERS, LLC" or "4-S" means the Debtor and Debtor in Possession herein.

//

//

1.20. "4-S RANCH PARTNERS, LLC Case" or "4-S case" means the Chapter 11 case of 4-S RANCH PARTERNS, LLC, Case No. 20-10800, pending in the United States Bankruptcy Court for the Eastern District of California.

   1.21. "Order of Confirmation" means the Order confirming the Plan pursuant to Section 1129 of the Code.

   1.22. "Person" shall mean an individual, partnership, corporation, trust, unincorporated association, or other entity or association.

   1.23. "Plan" means this Plan of Reorganization, including any modification or amendment hereof.

   1.24. "Property" means the certain real property commonly known as Merced County Assessor's Parcel Numbers: 049-200-005; 049-200-019; 049-200-020; 049-200-021; 049-200-022; 049-200-023; 049-200-024; 049-200-025; 049-220-015; 049-220-016; 049-200-017; 049-220-018; 049-220-019; 049-220-020; 049-240-016; 049-240-017; and 065-030-004.

   1.25. "Reorganized Debtor" means the Debtor in Possession, on and after the Confirmation Date.

   1.26. "Rules" mean the Federal Rules of Bankruptcy Procedure.

   1.27. "Secured Claim" means a Claim secured by a lien on any property of the Estate, to the extent of the value of the interest of the holder of such Claim in the Estate's interest in such property.

B. The singular of any of the foregoing definitions includes the plural and vice versa where the context so requires.

C. A term used in the Plan, whether or not capitalized, that is not defined in the Plan but that is used in the Code has the meaning assigned to the term in the Code.

//
//
//
//

4

4-S RANCH PARTNERS, LLC'S THIRD AMENDED PLAN OF REORGANIZATION

## ARTICLE II – MEANS OF EXECUTION

2.1. On and after the Confirmation Date, all cash on hand will vest in the Debtor in Possession, free and clear of claims and liens, and may thereafter be used freely, in the unfettered discretion of the Debtor in Possession or the Reorganized Debtor, as applicable.

2.2. On the first anniversary of the Effective Date, the Debtor in Possession shall fund all payments required to be made through new capital, new financing or the proceeds of a sale of the Property, all of which are subject to approval of the Bankruptcy Court.

2.3. On the Effective Date, the Property shall vest in the Reorganized Debtor, free and clear of all liens and encumbrances and all creditor claims, rights and entitlements whatsoever, excluding only the liens held by the holders of claims in Class 1 and Class 2. For the avoidance of doubt, each and every other lien or deed of trust (other than holders of claims in Class 1 and Class 2) shall be cancelled, deemed reconveyed, void and of no force or effect.

2.4. Not later than the first anniversary of the Effective Date, if all payments required have not been funded, the Reorganized Debtor shall (a) refinance the Property, or (b) effect a sale of all or a portion of the Property so as to generate net cash sufficient to fund, to the extent not previously paid, (a) payment in full of the Class 1 claim, (b) payment in full of Class 2 claim, (c)payment in full of all non-classified expenses, and (d) payment of Class 3 claims as described below in Section 4.2.3 (the "Liquidity Event").

2.5. Notwithstanding the Liquidity Event, if the Debtor in Possession or Reorganized Debtor does not fund all payments required to pay the Class 2 Claim in full by 5 p.m. Pacific Time on March 31, 2021, the Class 2 Creditor shall be provided with relief from the automatic stay with a waiver of the 14 day stay provided under Federal Rules of Bankruptcy Procedure ("FRBP") Rule 4001(a)(3) on April 1, 2021 without any further order of the Bankruptcy Court in accordance with the Stipulation Regarding Motions for Relief from Stay.

2.6. The net Proceeds of the Liquidity Event and all subsequent sales of the Property shall be distributed as follows:

    2.6.1. First, to pay in full the Class 1 Claim and all post-petition real property taxes to the extent not otherwise paid;

2.6.2. Second, to pay in full the Class 2 Claim;

2.6.3. Third, to pay the Non-Classified Claims, including those identified in Paragraph 3.3 herein and all post-petition real property taxes to the extent not otherwise paid;

2.6.4. Fourth, to pay Allowed Claims subject to treatment under Class 3 herein; and

2.6.5. Fifth, as directed by the holders of the Class 4 Interests.

2.7. Notwithstanding anything to the contrary, the Reorganized Debtor need not sell the Property if it can otherwise provide for the satisfaction of the Claims identified in the preceding Paragraph prior to the first anniversary of the Effective Date. Upon timely satisfaction of such Claims, the Plan shall terminate.

2.8. From and after the Confirmation Date:

2.8.1. Any amounts to be paid under this Plan shall be paid by the Reorganized Debtor.

2.8.2. All funds which are undisbursed or are returned, e.g., because the recipient of the funds could not be located or because the recipient refused to accept the funds and are not claimed within 90 days following initial disbursement, and any other excess and undistributable cash, including *de minimis* distributions, shall be retained by the Reorganized Debtor.

2.9. From and after the Effective Date, the Reorganized Debtor may move the Court for such Orders as it deems advisable or beneficial to creditors or for the implementation of this Plan.

2.9.1. From and after the Effective Date, only the Reorganized Debtor may prosecute objections to claims.

2.9.2. The Reorganized Debtor may, without further order of the Bankruptcy Court, retain such law firms, accounting firms, real estate brokers or agents, experts, advisors, agents, consultants, investigators, appraisers, auctioneers, and other professionals as it may deem necessary, to aid it in the performance of its responsibilities under of this Plan. Professionals employed by the Reorganized Debtor may be paid in the ordinary course and need not submit fee applications with respect to services performed after the Confirmation Date.

2.10. Notwithstanding anything to the contrary, on and after the Effective Date, all of the property of the Estate, including without limitation the Property and the Causes of Action, shall revest in the Reorganized Debtor, free and clear of all claims, liens and interests except as specifically provided herein.

2.11. Notice of matters that arise following the Confirmation Date, including without limitation fee applications, shall be given only to (a) the Reorganized Debtor and its counsel; (b) counsel for the holder of the Class 1 claim and Class 2 claim, (c) the Office of the United States Trustee, and (d) persons who request notice of such matters through a writing served on the Debtor in Possession not earlier than the Confirmation Date.

2.12. As soon as practicable after the Confirmation Date, the Reorganized Debtor shall seek entry of a Final Decree in the case.

### ARTICLE III – DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

3.1. *Claims Provided for Herein*. Various types of Claims and Interests are defined in this Plan. This Plan is intended to deal with all Claims and Interests against or in the Debtor, Debtor in Possession or property of the Debtor or the Estate of whatever character, whether or not with recourse, whether or not contingent or unliquidated, and whether or not previously Allowed by the Bankruptcy Court pursuant to Section 502 of the Code, which arise in any manner on or before the Effective Date. However, only those Claims Allowed pursuant to Section 502 of the Code will receive any distribution under this Plan.

3.2. *Limitation on Inclusion in a Class*. A Claim shall be deemed classified in a particular class only to the extent that the Claim qualifies within the description of that class and shall be deemed classified in a different class to the extent that any remainder of the Claim qualifies within the description of such different class. A Claim is in a particular class only to the extent that the Claim is an Allowed Claim in that class.

3.3. *Non-Classified Claims*. The following Claims shall <u>not</u> be classified hereunder:

3.3.1. All administrative expenses and other Claims, if any, Allowed pursuant to Section 503(b) of the Code and entitled to priority pursuant to Section 507(a)(1) of the Code,

save and except such Claims as are subject to treatment under Class 1, Paragraph 3.3.3 or Paragraph 3.3.4 herein;

    3.3.2. All Allowed Claims entitled to priority pursuant to Section 507(a)(2) through (a)(10) of the Code, including all allowable interest and penalties thereon or with respect thereto and except such Claims as are subject to treatment under Class 1, Paragraph 3.3.3 or Paragraph 3.3.4 herein;

    3.3.3. The Claim of the Office of the United States Trustee in respect of any demand for fees entitled to treatment pursuant to Section 1129(a)(12) of the Code; and

    3.3.4. All Allowed Claims entitled to treatment under Section 1129(a)(9)(C) of the Code.

    3.4. *Classification of Claims and Interests*. Allowed Claims not described in Section 3.3 hereof are divided into the following classes:

    3.4.1. *Class 1:* The Allowed Secured Claim of Merced County Tax Collector, which is secured by a tax lien encumbering the Property.

    3.4.2. *Class 2:* The Allowed Secured Claim of Sandton Credit Solutions Master Fund IV, LP.

    3.4.3. *Class 3*: The Claims of general unsecured creditors of the Debtor, to the extent they may be Allowed, which are not otherwise classified herein.

    3.4.4. *Class 4*: The Equity Interests of Shareholder of the Debtor.

### ARTICLE IV – PROVISIONS FOR TREATMENT OF NON-CLASSIFIED CLAIMS, IMPAIRED CLAIMS AND UNIMPAIRED CLAIMS

4.1. *Non-Classified Claims*. The non-classified Claims described in Section 3.3 hereof shall be treated as follows:

    4.1.1. With respect to those Claims described in Section 3.3.1, to the extent, if any, that the holder of such a Claim has not heretofore been paid, then, on the Effective Date or as promptly thereafter as the Claim shall become an Allowed Claim, each holder of such a Claim shall receive from the Reorganized Debtor cash equal to the Allowed amount of such Claim.

4.1.2. With respect to those Claims described in Section 3.3.2, to the extent, if any, that the holder of such a Claim has not heretofore been paid, then, on the Effective Date or as promptly thereafter as the Claim shall become an Allowed Claim, each holder of such a Claim shall receive from the Reorganized Debtor cash equal to the Allowed amount of such Claim, together with interest at the rate generally established by such holder.

4.1.3. With respect to those Claims described in Section 3.3.3, to the extent, if any, that such a Claim has become due prior to the Confirmation Date and has not heretofore been paid, then, on the Effective Date, the holder of such a Claim shall receive from the Reorganized Debtor cash equal to the amount of such Claim. Any such claim relating to the period from the Confirmation Date until entry of the Final Decree shall be paid by the Reorganized Debtor promptly after it has been liquidated.

4.1.4. With respect to those Claims described in Section 3.3.4, such Claims shall be paid in full, together with post-Effective Date interest at the rate established by Section 511(b) of the Code, not later than March 2, 2023, on terms not less favorable than the treatment of Class 3 claims.

4.2. *Classified Claims and Interests*

4.2.1. Class 1: The Class 1 Claim is impaired, and thus, the holder thereof is entitled to vote to accept or reject this Plan. In full and complete satisfaction, the holder of Allowed Class 1 Claim shall receive from the Reorganized Debtor cash equal to the Allowed amount of such Claim, together with interest at the rate contemplated by Section 511(b) of the Code, from the net proceeds of the Liquidity Event.

4.2.2. Class 2: The Class 2 Claim is impaired, and thus, the holder(s) thereof are entitled to vote to accept or reject this Plan. In full and complete satisfaction, the holder of Allowed Class 2 Claim:

    4.2.2.1. Shall retain its lien on the Property.

    4.2.2.2. Shall accrue interest at the Class 2 Interest Rate.

    4.2.2.3. Shall be given a lien in the proceeds from the Liquidity Event.

4.2.2.4. In the event that the Class 2 Claim is not paid in full from the Liquidity Event, the Court shall condition the Liquidity Event on such terms as may be appropriate to afford the holder of the Class 2 Claim adequate protection of its interest in the Property.

4.2.2.5. If the Debtor in Possession fails to consummate the Liquidity Event by the first anniversary of the Effective Date, the holder of the Class 2 Claim may exercise all of its rights and remedies against the Property, unless the Court for cause Orders otherwise.

4.2.2.6. Notwithstanding the Liquidity Event, if the Debtor in Possession or Reorganized Debtor does not fund all payments required to pay the Class 2 Claim in full by 5 p.m. Pacific Time on March 31, 2021, the Class 2 Creditor shall be provided with relief from the automatic stay with a waiver of the 14 day stay provided under FRBP Rule 4001(a)(3) on April 1, 2021 without any further order of the Bankruptcy Court in accordance with the Stipulation Regarding Motions for Relief from Stay.

4.2.2.7. If the Class 2 Claim is not paid in full, any remaining deficiency claim asserted against the Debtor in Possession or Reorganized Debtor shall be paid as a general unsecured Class 3 Claim.

4.2.3. <u>Class 3</u>: The Class 3 Claim is impaired, and thus, the holder(s) thereof are entitled to vote to accept or reject this Plan.

4.2.3.1. In full and complete satisfaction, the holders of Allowed Class 3 Claims shall receive the lesser of (a) payment in full with post-petition interest at the Class 3 Interest Rate, or (b) a ratable distribution of the net proceeds from the sale of the Property one year after the Liquidity Event.

4.2.4. <u>Class 4</u>: The Class 4 Interests are impaired, and thus, the holder(s) thereof are entitled to vote to accept or reject this Plan. The holders of the Class 4 Interests shall neither receive nor retain anything on account of their Interests in the Debtor unless all of the Allowed Claims identified in Paragraph 2.6 shall have been paid in full, with interest. If payment of the Allowed Claims identified in Paragraph 2.6 have been paid in full, with interest rate identified

above, then, then the holders of interests in Class 4 shall retain such interests without modification.

### ARTICLE V – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Assumption of Unexpired Leases and Executory Contracts*.

5.1. No leases nor executory contracts shall be assumed by confirmation of the Plan.

    5.1.1. In every case, the Debtor in Possession contends that no cure payment is required in order to assume the contract.

    5.1.2. If a counter-party asserts a cure amount is required, it must do so by filing a timely Objection to confirmation of the Plan.

5.2. All executory contracts and leases not previously assumed and not assumed pursuant to the preceding paragraphs shall be rejected by confirmation of this Plan. Counterparties to rejected contracts and leases must file their claims for damages, if any, not later that the 30th day following Confirmation, or such claims shall be discharge without payment.

### ARTICLE VI – MISCELLANEOUS PROVISIONS

6.1. *Payments on Claims*:

    6.1.1. *Disputed Claims*. No distribution shall be made on account of any Disputed Claim, unless and until it becomes an Allowed Claim. Promptly upon a Disputed Claim becoming an Allowed Claim, it shall receive the treatment contemplated herein for such a Claim.

    6.1.2. *No Distribution to Disallowed Claims:* Notwithstanding any provision of the foregoing, no distribution shall be made on account of any Claim determined to be a Disallowed Claim.

6.2. *Objections to Claims:* Any party in interest may Object to any claim or interest treated herein by filing such Objection with the Court and serving it upon the respondent not later than the 5th day before the first date set for the Confirmation Hearing. The Debtor in Possession and Reorganized Debtor may Object to any claim or interest at any time. Upon the filing of an Objection, the respondent Claim or Interest shall be Disputed or shall remain disputed if Debtor in Possession's Schedules of Assets and Liabilities filed herein represent such claim as disputed.

6.3. *Grace Period:* Any payment to be made under the Plan shall be deemed timely made if it is mailed to the recipient's last known address within 10 calendar days following the date described in this Plan.

6.4. *Prepayment:* Notwithstanding anything to the contrary, the Debtor in Possession may prepay all or any portion of any Claim at any time without charge or penalty.

6.5. *Survival of Legal Claims.* The Reorganized Debtor shall have the right, post-confirmation, to pursue any and all Causes of Action that survive the revesting of assets contemplated by Article II of this Plan.

6.6. *Discharge of Claims and Termination of Interests*. In the event the Debtor sells the Property, thereby providing for the liquidation of all or substantially all of the property of the estate, then the Confirmation of a Plan does not discharge the Debtor of Claims under section 1141(d) of the Code. However, if the Debtor obtains new capital including by way of a joint venture or obtains new financing, then except as otherwise provided in the Plan, the Order of Confirmation and to the maximum extent permitted by the Bankruptcy Code and any other applicable law: (i) on the date the Debtor obtains Bankruptcy Court approval of new capital or new financing, the Reorganized Debtor shall be deemed discharged and released from all Claims and Interests, including without limitation demands, liabilities, Claims and Interests that arose before the Effective Date and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not: (A) a Proof of Claim or Proof of Interest based on such debt or Interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (B) a Claim or Interest based on such debt or Interest is Allowed pursuant to section 502 of the Bankruptcy Code, (C) the holder of a Claim or Interest based on such debt or Interest has accepted the Plan, or (D) such Claim is listed in the Debtor in Possession's schedules of assets and liabilities; and all Persons (including without limitation governmental entities) shall be precluded from asserting against each Reorganized Debtor, its successors, or its assets any other or further Claims or Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date. Except as otherwise provided in the Plan or the Order of Confirmation, upon Bankruptcy Court approval of new capital or new financing, the Order of Confirmation shall act as a discharge of any and all Claims against and all debts and liabilities of the

12
4-S RANCH PARTNERS, LLC'S THIRD AMENDED PLAN OF REORGANIZATION

Reorganized Debtor, as provided in sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment against the Reorganized Debtor at any time obtained to the extent that it relates to a Discharged Claim.

6.7. *Discharge of Untimely Claims:* Notwithstanding anything to the contrary, every claim which is not timely filed herein shall be discharged without payment on the Confirmation Date.

6.8. *Injunction.* Entry of the Order of Confirmation will permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any Claims discharged or modified pursuant to the Plan. Notwithstanding anything to the contrary, the foregoing injunction shall not impede or impair the exercise of rights of the holder the claim in Class 2.

6.9. *Effect of Confirmation.* On the Confirmation Date, the provisions of this Plan shall be binding on the Debtor in Possession, the Reorganized Debtor, the Estate, all holders of Claims against or Interests in the Debtor and all other Persons whether or not such Persons have accepted this Plan. Except as provided otherwise in this Plan, from and after the Effective Date, the automatic stay of section 362(a) of the Bankruptcy Code shall terminate.

6.10. *Integration.* The provisions of this Plan and the Order of Confirmation supersede any and all prior agreements, documents, understandings, written or otherwise, in respect of any Claim against the Debtor in Possessions, and the treatment or satisfaction thereof. All such prior agreements, documents or understandings are merged herein, and no person may thereafter pursue or prosecute any Claim or demand arising out of or pertaining to such superseded agreements, documents or understandings as against the Estate.

6.11. *Conclusive Presumption of Propriety.* Confirmation of this Plan shall constitute its judicial approval and shall bar any claim against the Debtor in Possession's officers, managers, members, professionals or agents respecting the proposal, prosecution, approval or implementation of the Plan.

6.12. *Section Headings.* The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

6.13. *Post-Confirmation United States Trustee Quarterly Fees.* A quarterly fee shall be paid by the Reorganized Debtor to the United States Trustee, for deposit into the Treasury, for each quarter (including any fraction thereof) until this case is converted, dismissed, or closed pursuant to a final decree, as required by 28 U.S.C. § 1930(a)(6).

6.14. *Chapter 11 Post-confirmation Reports and Final Decree.*

6.14.1. Post-confirmation Reports. Not later than 90 days after entry of the Confirmation Order and quarterly thereafter, the Debtor in Possession shall file a quarterly post-confirmation status report, the purpose of which is to explain the progress made toward substantial consummation of the confirmed plan of reorganization. The quarterly reports shall be filed no later than 30 days following the end of the applicable calendar quarter. The report shall include a statement of receipts and disbursements, with the ending cash balance, ending on the last day of a quarter. The report shall also include information sufficiently comprehensive to enable the court to determine: (1) whether the order confirming the plan has become final; (2) whether deposits, if any, required by the plan have been distributed; (3) whether any property proposed by the plan to be transferred has been transferred; (4) whether the Debtor in Possession under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; (6) whether accrued fees due to the United States Trustee under 28 U.S.C. § 1930(a)(6) have been paid; and (7) whether all motions, contested matters and adversary proceedings have been finally resolved. Further quarterly reports must be filed every 90 days thereafter until entry of a final decree, unless otherwise ordered by the court.

6.14.2. Service of Reports. A copy of each report shall be served, no later than the day upon which it is filed with the court, upon the United States Trustee and such other persons or entities as may request such reports in writing by special notice filed with the court.

6.15. *Final Decree.* After the Plan is substantially consummated, the Debtor in Possession shall file and prosecute an application for a Final Decree.

//

//

## ARTICLE VII – RETENTION OF JURISDICTION

The Bankruptcy Court shall retain and have jurisdiction over the Reorganization Case for all purposes provided by the Code, including, without limitation, for the following purposes:

7.1. To determine any and all objections to the allowance of Claims and to allow, disallow, estimate, liquidate or determine any Claim;

7.2. To grant full and complete relief upon the request of the Reorganized Debtor;

7.3. To resolve any disputes about the Liquidity Event and whether the holder of the Class 1 Claim will receive adequate protections for its interest;

7.4. To determine any and all motions for compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Code or the Plan which accrued on or prior to the Confirmation Date;

7.5. To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date, except as provided in the Confirmation Order, or which shall be commenced on or after the Effective Date and be properly before the Bankruptcy Court;

7.6. To consider any modifications of the Plan, any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Order of Confirmation, to the extent authorized by the Code; and

7.7. To implement the provisions of the Plan and to issue orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Code.

## ARTICLE VIII – MODIFICATION

Pursuant to the provisions of Section 1127 of the Code, the Debtor in Possession reserves the right to modify or alter the provisions of the Plan at any time prior or subsequent to Confirmation.

//

//

//

//

//

## ARTICLE IX – REQUEST FOR CONFIRMATION

If necessary, the Debtor in Possession requests Confirmation of the Plan pursuant to Section 1129(b) of the Code.

DATED: March 10, 2021

4-S RANCH PARTNERS, LLC.

By: _____
Stephen Sloan
Managing Member

Presented by:

MACDONALD | FERNANDEZ LLP

By: _____
Reno F.R. Fernandez III
Alexander K. Lee
Counsel for the Debtor in Possession
4-S RANCH PARTNERS, LLC

**ARTICLE IX – REQUEST FOR CONFIRMATION**

If necessary, the Debtor in Possession requests Confirmation of the Plan pursuant to Section 1129(b) of the Code.

DATED: March 10, 2021                4-S RANCH PARTNERS, LLC.


By: _____
    Stephen Sloan
    Managing Member

Presented by:

MACDONALD | FERNANDEZ LLP


By: _____
Reno F.R. Fernandez III
Alexander K. Lee
Counsel for the Debtor in Possession
4-S RANCH PARTNERS, LLC