**5**
GREGORY S. POWELL, State Bar No. 182199
Assistant United States Trustee
JASON BLUMBERG, State Bar No. 330150
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Facsimile: (559) 487-5030
E-mail: jason.blumberg@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**4-S RANCH PARTNERS, LLC,**<br><br><br><br><br><br><br>　　　　　　　　　　Debtor. | Case No. 20-10800-B-11<br><br>DC No. MF-14<br><br>Date:　April 27, 2021<br>Time:　9:30 a.m.<br>Place:　United States Courthouse<br>　　　　Department B, Courtroom 13<br>　　　　2500 Tulare Street, Fifth Floor<br>　　　　Fresno, California<br><br>Judge: Hon. René Lastreto II |

### OBJECTION OF THE UNITED STATES TRUSTEE TO APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT

Tracy Hope Davis, United States Trustee for Region 17 (the "UST"), by and through her undersigned counsel, hereby files this objection to approval of the Debtor's disclosure statement (ECF No. 394) (the "Disclosure Statement") for its amended plan of reorganization dated March 10, 2021 (ECF No. 396) (the "Plan").

1

## I. INTRODUCTION

1. According to Sandton Credit Solutions Master Fund IV, LP's recent status conference statement, stay relief for the Debtor's real property took effect on April 1, 2021. A foreclosure sale is scheduled for April 29, 2021. See ECF No. 404.

2. Because monetizing its real property is the lynchpin of the Debtor's Plan, the Debtor should amend the Disclosure Statement to address how this development affects the implementation and feasibility of the Plan.

## II. STATEMENT OF FACTS

3. The Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 2, 2020 (the "Petition Date"). See ECF No. 1. The Debtor is currently a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. Due to a lack of interest, no official committee of unsecured creditors has been appointed in this case.

4. As scheduled, the Debtor's most valuable asset is certain real property in Merced County (the "Real Property"), which the Debtor valued at $500 million. See amended Schedule A/B (ECF No. 99), at item 55.1.

5. According to amended Schedule D, Sandton Credit Solutions Master Fund IV, LP ("Sandton") has a secured claim in the amount of $57,264,645.50. The claim encumbers the Real Property. See ECF No. 99.[1]

6. On December 9, 2020, the Court entered an Order approving a stipulation between the Debtor, Stephen Sloan and Sandton resolving stay relief motions with respect to the

---

[1] The claim also encumbers the "Hamburg Ranch," which is not property of the Debtor's estate. See Disclosure Statement, at p. 4. The Debtor's principal, Stephen W. Sloan, is a co-debtor on the obligation to Sandton. See Schedule G (ECF No. 18). Mr. Sloan is the debtor in possession in Case No. 20-10809.

Real Property. See ECF No. 346 (the "Stay Relief Order"). The Stay Relief Order required payment in full to Sandton by no later than March 31, 2021. Further, the automatic stay was vacated effective April 1, 2021. Id.; see also Disclosure Statement, at p.3 (lines 14-21).

7. On April 5, 2021, Sandton filed a status conference report. See ECF No. 404. Therein, Sandton stated that "Debtor did not make payment in any amount to Sandton by March 31, 2021 and the portion of the Order granting Sandton relief from stay took effect April 1, 2021…. The foreclosure sale … is scheduled for April 29, 2021." Id.

8. The Debtor's Plan contemplates that "[o]n the first anniversary of the Effective Date, the Debtor in Possession shall fund all payments required to be made through new capital, new financing or the proceeds of a sale of the Property, all of which are subject to approval of the Bankruptcy Court." See Plan, at p.5 (§ 2.2) (emphasis added).

### III. OBJECTION

9. A debtor-in-possession may not solicit creditors to vote on a plan, unless, at the time of such solicitation, the debtor-in-possession provides creditors with a "written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." See 11 U.S.C. § 1125(b) (emphasis added); In re Kelley, 199 B.R. 698, 703 (B.A.P. 9th Cir. 1996).

10. "Adequate information" is defined as information that is in sufficient detail to enable "a hypothetical investor" to make an informed judgment about the Plan. See 11 U.S.C. § 1125(a); In re Commercial Western Finance Corp., 761 F.2d 1329, 1331 n.1 (9th Cir. 1985).

11. Even if a disclosure statement provides adequate information, the disclosure statement should not be approved if the plan it describes is patently unconfirmable. See, e.g.,

In re Beyond.com Corp., 289 B.R. 138, 140 (Bank. N.D. Cal. 2003) ("Because the underlying plan is patently unconfirmable, the disclosure statement may not be approved.").

12. Here, the Disclosure Statement fails to provide adequate information about the current status of the Debtor's Real Property. As noted above, it appears that Sandton has not received payment as contemplated by the Stay Relief Order. Therefore, a foreclosure sale is scheduled for April 29, 2021. See ¶¶ 6-7, supra.

13. Because monetizing the Real Property is a lynchpin of the Debtor's Plan, the Debtor should amend the Disclosure Statement to address how this development affects the implementation and feasibility of the Plan. Cf. In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) ("[A] proper disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.") (emphasis added); In re Metrocraft Pub. Servs., Inc., 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) ("Relevant factors for evaluating the adequacy of a disclosure statement may include … (6) the present condition of the debtor while in Chapter 11 … (15) information relevant to the risks posed to creditors under the plan …."); see also Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985) ("'The purpose of section 1129(a)(11) is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation.'").

## IV. CONCLUSION

Based on the foregoing, the UST respectfully requests that the Court (i) sustain the Objection and (ii) disapprove the Disclosure Statement.[2]

Dated: April 13, 2021.

          Respectfully submitted,

          TRACY HOPE DAVIS
          UNITED STATES TRUSTEE

          By: /s/ Jason Blumberg
          JASON BLUMBERG
          Trial Attorney
          Office of the United States Trustee
          501 "I" Street, Suite 7-500
          Sacramento, CA 95814-2322
          Direct Phone: (916) 930-2076
          Fax: (916) 930-2099
          E-mail: Jason.blumberg@usdoj.gov

---

[2] The UST reserves her right to make any and all confirmation objections in connection with any confirmation hearing on the Plan.