**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, CA  93720
Telephone: (559) 233-4800
Facsimile:  (559) 233-9330

Kurt F. Vote #160496
kvote@wjhattorneys.com
Steven K. Vote #309152
svote@wjhattorneys.com

Attorneys for:　　Creditor Sandton Credit Solutions Master Fund IV, LP

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 20-10800-B-11 |
| 4-S RANCH PARTNERS, LLC, | Chapter 11 |
| Debtor. | DCN:  MF-14 |
| EIN#　　46-3161963 | **OBJECTION TO APPROVAL OF THIRD AMENDED DISCLOSURE STATEMENT FOR THIRD AMENDED PLAN OF REORGANIZATION OF 4-S RANCH PARTNERS, LLC DATED MARCH 10, 2021** |
| Address:　　264 "I" Street　　Los Banos, CA 93635-9363 | |
| | Hearing: |
| | Date: April 27, 2021
Time: 9:30 a.m.
Place: 2500 Tulare Street, 5th Floor
　　　　Courtroom 13
　　　　Fresno, CA 93721
Judge: Hon. René Lastreto II |

　　　　Creditor Sandton Credit Solutions Master Fund IV, LP ("Sandton" or "Creditor") hereby submits the following Objection to Approval of the Third Amended Disclosure Statement submitted by

Debtor 4-S Ranch Partners, LLC ("4-S" or the "DIP") related to its proposed Third Amended Plan of Reorganization.

## I.

## **INTRODUCTION**

The Third Amended Disclosure Statement filed by the DIP in support of its proposed Third Amended Plan of Reorganization fails to include adequate information concerning the interest rate applicable to Sandton's claim and the current status of the real property securing Sandton's claim (the "4-S Ranch"). For these reasons, the Third Amended Disclosure Statement contains inadequate information and should not be approved by the Court.

First, the Third Amended Disclosure Statement inaccurately describes the interest rate applicable to Sandton's claim. Specifically, the DIP states the applicable interest rate will be the contract rate **or** the interest rate permissible under 11 U.S.C. § 506. This ignores the Stipulation for Relief from the Automatic Stay executed by the parties and approved by the Court, which set a *per diem* interest rate based upon the contract rate. The inaccurate description and failure to include information concerning the stipulated interest rate is misleading to creditors and renders the Third Amended Disclosure Statement inadequate.

Second, Sandton joins the Objection filed by the U.S. Trustee concerning the Third Amended Disclosure Statement's failure to include accurate information concerning the present status of the 4-S Ranch. As detailed in its recent Status Conference Report, Sandton was not paid off by the agreed upon deadline of March 31, 2021 and has proceeded to enforce its state law remedies and obtain possession of the 4-S Ranch. A Receiver has been appointed by the Merced Superior Court and a nonjudicial foreclosure sale has been set for April 29, 2021. This property, and the DIP's ability to monetize the property and its associated rights, are crucial to the success or failure of the DIP's plan of reorganization. Accordingly, the Third Amended Disclosure Statement fails to include adequate information concerning the status of this property.

For these reasons, Sandton respectfully requests the Court sustain its Objection and decline to approve the Third Amended Disclosure Statement.

///

{8643/002/01224890.DOCX} 2

OBJECTION TO APPROVAL OF THIRD AMENDED DISCLOSURE STATEMENT FOR THIRD AMENDED PLAN OF REORGANIZATION OF 4-S RANCH PARTNERS, LLC DATED MARCH 10, 2021

## II.

## LAW & ARGUMENT

**A.　The Third Amended Disclosure Statement Fails to Accurately Describe the Stipulated Interest Rate Applicable to Sandton's Claim.**

The Third Amended Disclosure Statement inaccurately describes the interest rate applicable to Sandton's claim, to which the DIP stipulated as part of the parties' Stipulation to Relief from the Automatic Stay. The Stipulation for Relief from the Automatic Stay was approved by the Court and conclusively resolved any issues related to the applicable interest rate. Accordingly, the Third Amended Disclosure Statement either contains outright inaccurate information or is materially misleading to creditors evaluating the Third Amended Plan for voting purposes.

An acceptance or rejection of a plan of reorganization may not be solicited unless a written Disclosure Statement is approved "by the court as containing adequate information." 11 U.S.C. § 1125(b). "Adequate information" means "information of a kind, and in sufficient detail…that would enable…a hypothetical investor of the relevant class to make an informed judgment about the plan…" 11 U.S.C. § 1125(a). In determining the adequacy of a Disclosure Statement, the court will generally review certain criteria which should be set forth in the statement, including:

> (1) the incidents which led to the filing of the Chapter 11; (2) a description of available assets and their value; (3) the anticipated future of the company; (4) the source of information for the disclosure statement; (5) disclaimer; (6) present condition of the company while in Chapter 11; (7) claims scheduled; (8) the estimated return to the creditors if liquidated; (9) the accounting process used and the identity of the person who furnished the information; (10) future management of the debtor; [and] (11) plan.

*In re A.C. Williams Co.*, 25 B.R. 173, 176 (Bankr. N.D. Ohio 1982). Adequate information "is a flexible concept that permits the degree of disclosure to be tailored to the particular situation," but "there nevertheless is an irreducible minimum." *Official Committee of Unsecured Creditors v. Michelson*, 141 B.R. 715, 718 (Bankr. E.D. Cal. 1992).

Here, the Third Amended Disclosure Statement describes the amount and treatment of Sandton's claim, which is the only claim in Class 2 of the Third Amended Plan. (ECF No. 394, 12:19-28.) The Third Amended Disclosure Statement states, however, the Third Amended Plan provides "that

{8643/002/01224890.DOCX}　　3

OBJECTION TO APPROVAL OF THIRD AMENDED DISCLOSURE STATEMENT FOR THIRD AMENDED PLAN OF REORGANIZATION OF 4-S RANCH PARTNERS, LLC DATED MARCH 10, 2021

the interest rate for the holder of claims in Class 2 shall be the contract rate or the interest rate permissible under § 506 of the Bankruptcy Code." (ECF No. 394, 12:27-28.) This ignores the stipulated interest rate of $31,537.33 per day, due jointly and severally from the DIP and Mr. Sloan on Sandton's claim, pursuant to the Stipulation for Relief from the Automatic Stay filed by the parties on or about December 8, 2020 and beginning to accrue the same day. (ECF No. 344, ¶ 1.) Further, it ignores the provision that, in order to avoid contested confirmation hearings, the Chapter 11 Plans for both 4-S and Mr. Sloan would be "amended to include treatment of Sandton which is consistent with the foregoing…" (ECF No. 344, ¶ 12.) The Court approved both this Stipulation and *per diem* interest rate, based upon the contract rate underlying Sandton's claim, on or about December 9, 2020. (ECF No. 346, ¶ 1.) Accordingly, the inclusion of a reference to a potential interest rate applicable to Sandton's claim and measured by 11 U.S.C. § 506 is inaccurate and could mislead creditors reviewing the Third Amended Disclosure Statement.

Sandton's counsel attempted to resolve this matter informally through a stipulation amending this portion of the Third Amended Disclosure Statement. (Declaration of Kurt F. Vote in Support of Objection to Third Amended Disclosure Statement ["Vote Decl."], ¶¶ 3-4, Exh. A.) Sandton resolved an identical issue through the same means in Mr. Sloan's bankruptcy case in February 2020. (Sloan ECF No. 321.) Counsel for the DIP, however, failed to respond to this proposal and the Third Amended Disclosure Statement remains unaltered. (Vote Decl., ¶ 4.)

In short, the description of the interest rate potentially applicable to Sandton's claim is inaccurate and ignores the agreement of the parties to a *per diem* interest rate beginning December 8, 2020. For this reason, Sandton respectfully requests the Court deny approval of 4-S's Third Amended Disclosure Statement or, at a minimum, approve the Third Amended Disclosure Statement subject to a requirement that the discussion of Sandton's claim be revised to reflect the *per diem* interest rate agreed upon in the Stipulation for Relief from the Automatic Stay.

///

///

///

///

**B.　Sandton Joins the U.S. Trustee's Objection to the Third Amended Disclosure Statement Based on the Failure to Include Adequate Information Concerning the 4-S Ranch.**

Sandton joins the Objection asserted by the U.S. Trustee to the Third Amended Disclosure Statement based upon the lack of adequate information provided by the DIP related to the current status of the 4-S Ranch.

As detailed in Sandton's recently filed Status Conference Report, the DIP did not make payment in any amount to Sandton by March 31, 2021 and, pursuant to the Stipulation for Relief from the Automatic Stay, Sandton has since proceeded to pursue its state law remedies to obtain title to and possession of the 4-S Ranch property. (ECF No. 404, 1:26-2:4.) This includes scheduling a foreclosure sale of the 4-S Ranch scheduled for April 29, 2021. (ECF No. 404, 2:5-8.) As the U.S. Trustee correctly notes, the Third Amended Disclosure Statement does not contain any of this information. In fact, the Third Amended Disclosure Statement still describes the DIP's intent to pursue "new capital or new financing in a multipronged approach that includes selling interest in the Property and/or signing long term water contracts before refinancing the secured claim on the Property." (ECF No. 394, 2:28-3:2.) Although the Third Amended Disclosure Statement does mention the Stipulation for Relief from the Automatic Stay in the "Risk Factors" section, the information provided is now out of date, as the DIP failed to pay off Sandton by March 31, 2021. (ECF No. 394, 15:23-26.)

In sum, although the statements in the Third Amended Disclosure Statement regarding the status of the 4-S Ranch may have been accurate when the statement was prepared, subsequent events have rendered those statements substantially inaccurate. Since the DIP concedes that monetizing this property and its water rights are crucial to the DIP's plan, the failure to include information that the property is in the hands of a Receiver and is set for an April 29, 2021 foreclosure sale renders the Third Amended Disclosure Statement inadequate.

///

///

///

///

///

# III.

# **CONCLUSION**

For the foregoing reasons, as well as those to be set forth at the hearing on this matter (if any), Sandton respectfully requests the Court sustain its Objection and deny approval of the Third Amended Disclosure Statement.

DATED: APRIL 13, 2021                    WANGER JONES HELSLEY PC


By:_____/s/ Kurt F. Vote_____
Kurt F. Vote
Steven K. Vote
Attorneys for Creditor Sandton Credit Solutions
Master Fund IV, LP